IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SHOW ME SUNSHINE PROPERTIES, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 6:17-03131-CV-RK |
| v. | )<br>) |
| BLUELINE RENTAL, LLC, | )<br>)<br>) |
| Defendant. | ) |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Show Me Sunshine Properties, LLC filed this action against Defendant BlueLine Rental, LLC alleging that Defendant breached its commercial lease by violating a "no-assignments" clause (Count I) and by damaging and altering the property (Count II). Plaintiff also seeks an eviction and damages for unlawful detainer (Count III). Before the Court is Defendant's motion for summary judgment. (Doc. 50.) For the reasons below, the Court **GRANTS** summary judgment as to Count I but **DENIES** it as to Counts II and III.

### Background[1]

The lease states that its purpose is for the operation of a construction equipment rental business. It names Plaintiff's owners (collectively) as the Lessor, and it names Volvo Construction Equipment Rents, Inc. ("Volvo Rents") as the Lessee. Plaintiff eventually became the Lessor, and Volvo Rents converted from a Delaware corporation to a Delaware limited liability company ("LLC") and changed its name to BlueLine Rental, LLC.[2]

The lease states that its initial term is five years, ending on May 31, 2017. However, it also states that it renews for two additional five-year terms "[p]rovided that Lessee is not in default."

---

[1] For purposes of summary judgment, the Court draws facts from the statements of uncontroverted material facts. (Doc. 51 at 5-11; doc. 54 at 4-23; doc. 55 at 9-19.)

[2] The fact that Defendant is a Delaware entity is not in the summary judgment submissions. The Court takes judicial notice of this fact from the publicly available records of the Missouri Secretary of State and Delaware Department of State. *See Couzens v. Donohue*, 854 F.3d 508, 513 n.6 (8th Cir. 2017) (taking judicial notice of Kansas Secretary of State records showing that an entity was reinstated as a corporation).

The lease can also be terminated at any point if the Lessor gives written notice of default and the Lessee does not cure the default within five days. The lease contains the following provisions:

> **6.    LESSEE'S RIGHT TO ALTER AND IMPROVE.** Lessee shall have the right at its own expense from time to time during the lease term to improve or alter the building which forms a part of the Premises in such a manner as shall be reasonably necessary or appropriate in Lessee's judgment for Lessee's conduct thereon of its business with the written consent of the Lessor. Upon termination of this Lease, such improvements shall be the property of Lessor.
>
> . . . .
>
> **9.    AFFIRMATIVE COVENANTS AND RESPONSIBILITIES OF LESSEE.** Lessee covenants and agrees that Lessee will, without demand:
>
> > 9.1 Keep the Premises reasonably clean and free from all rubbish, ashes, dirt and other matter;
> >
> > 9.2 At Lessee's own expense maintain the Premises in good repair, and in at least as good condition as that in which they were delivered, allowing for ordinary wear and tear except that Lessor shall maintain, repair and replace (a) any structural components including, without limitation, the roof, roof membrane, load bearing walls and floor slabs and masonry walls and foundations, (b) the plumbing system, (c) the electrical system, (d) the utility lines and connections to the Premises, (e) the sprinkler mains, if any, and (f) the major parts of the heating, ventilation, and air conditioning system.
> >
> > . . . .
> >
> > 9.5 At the termination of this Lease, remove any signs, improvements of a non-permanent nature, projections or devices placed upon the Premises at or prior to the expiration of this Lease. In case of breach of this covenant, in addition to all other remedies given to Lessor in case of breach of any condition or covenant of this Lease, Lessor shall have the privilege of removing said improvements, signs, projections, or devices and Lessee, at Lessor's option, shall be liable to Lessor for any and all expenses so incurred by Lessor;
> >
> > . . . .
>
> **10.   NEGATIVE COVENANTS OF LESSEE.** Lessee covenants and agrees that it will do none of the following things without the consent in writing of Lessor first had and obtained:
>
> > 10.1 Occupy the Premises in any other manner or for any other purpose other than as set forth herein; and
> >
> > 10.2 Assign, mortgage or pledge, or sublease this Lease, nor shall any assignee assign, mortgage, pledge or sublease this Lease without the written consent by the Lessor, and without such consent no such assignment

> mortgage, pledge or sublease shall be valid. Lessor will not unreasonably withhold such consent.

(Doc. 51-2; doc. 54 at 5 ¶ 4.)

Before the initial lease term ended, Plaintiff's counsel sent two letters advising Defendant that it was in breach of the lease (1) because an assignment occurred without Plaintiff's consent and (2) because Defendant altered and damaged the property. After the initial lease term ended, Plaintiff sent another letter advising Defendant that it was holding over in violation of the lease. Plaintiff then filed this action in state court. Following removal, Defendant counterclaimed for a declaratory judgment (doc. 37 at 5-7), and moved for summary judgment on Plaintiff's claims (doc. 50). After full briefing on the motion, the Court heard oral arguments. (Docs. 51, 54, 55, 58.)

## Legal Standard

"Summary judgment is required if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. Ins. Co. v. Great Am. Ins. Co.*, 893 F.3d 1098, 1102 (8th Cir. 2018) (citations and quotation marks omitted). The Court views the evidence "in the light most favorable to the nonmoving party and giv[es] the nonmoving party the benefit of all reasonable inferences." *Id.* (citation and quotation marks omitted).

## Discussion

**I.    The No-Assignments Clause (Count I)**

Plaintiff claims it is entitled to evict Defendant because an assignment occurred without its consent. Under Missouri law,[3] however, a transfer of a tenant's rights "by operation of law" is not an assignment that violates a lease's no-assignments clause. *Dodier Realty & Inv. Co. v. St. Louis Nat'l Baseball Club, Inc.*, 238 S.W.2d 321, 322-25 (Mo. banc 1951). This is true even when the transfer occurred because the original tenant merged into another company and then ceased to exist. *Id.*; *see also Standard Operations, Inc. v. Montague*, 758 S.W.2d 442, 443-45 (Mo. banc 1988) (reaffirming *Dodier*); *Alexander & Alexander, Inc. v. Koelz*, 722 S.W.2d 311, 313 (Mo. App. 1986) ("A mere change in the form in which [a] business is owned or conducted should not work a prohibited assignment.").

---

[3] The parties do not dispute that Missouri law applies.

3

Here, Defendant converted from a Delaware corporation to a Delaware LLC and changed its name. Under Delaware law (which governs the effect on a Delaware company of converting from one corporate form to another), the converting corporation and the LLC are "deemed to be the same entity." Del. Code tit. 6, § 18-214(g). The rights of the corporation "remain vested in the [LLC] to which such other entity has converted and shall be the property of such [LLC]." *Id.* § 18-214(f). Accordingly, Volvo Rents and Defendant are the same entity, and Defendant assumed the lease "by operation of law." *Dodier*, 238 S.W.2d at 322-25. No "assignment" occurred. *Id.*

Plaintiff argues there is a factual question about whether there are two separate entities because Defendant failed to properly support the fact that a conversion and name change occurred and because Defendant's counsel stated in its filings that Defendant's "predecessors in interest" have always paid rent. (Doc. 54 at 9 ¶ 15, 11 ¶ 26.) At the summary judgment stage, a party may support its motion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). The movant may also discharge its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

Here, Defendant cited the following deposition testimony from one of Plaintiff's owners:

> Q. Right. So it looks like if we -- Exhibit I, page 17 and page 15, would indicate Volvo Construction Equipment Rents was converted from a corporation to an LLC, and then they changed their name to BlueLine Rental, LLC; true?
>
> A. Yes, sir.

(Doc. 51 at 8 ¶ 15; doc. 51-1 at 11.) This admission supports Defendant's position. Plaintiff did not lodge an evidentiary objection to this statement of fact in its summary judgment response. Moreover, Plaintiff has brought forth no evidence to the contrary. The Court is not persuaded that the passing reference by Defendant's counsel to Volvo Rents as a "predecessor[] in interest" is sufficient to raise a genuine factual question about whether it is a separate entity. "'[S]tatements of counsel are not evidence' and do not create issues of fact." *Exeter Bancorporation, Inc. v. Kemper Sec. Grp., Inc.*, 58 F.3d 1306, 1312 n.5 (8th Cir. 1995) (alteration in original) (citation omitted). The record contains no evidence that Volvo Rents and Defendant are separate entities or that an assignment occurred. Accordingly, there is no genuine

factual dispute about this issue, and Defendant is entitled to judgment as a matter of law on Count I.

## II. Damage and Alterations to the Property (Counts II and III)

Plaintiff claims Defendant breached the lease by damaging the property and altering it without Plaintiff's consent. Specifically, Plaintiff argues that Defendant moved fences around, graveled over a grassy area for storage of heavy equipment, damaged an irrigation system, poked holes in the building walls, and damaged the sidewalk. Defendant argues that these allegations are a pretext to terminate the lease and obtain higher rent from another tenant, that the damages do not rise above "ordinary wear and tear," and that the alleged breaches are not "material" in light of the lease's overall purpose to allow a construction equipment rental business. Defendant further argues that Plaintiff was responsible for some of the maintenance, that Defendant completed some of the repairs, and that Defendant can make repairs at the end of the two renewal periods. Plaintiff counters these allegations with affidavits from an expert and one of its owners, claiming that the damages to the property are extensive and serve as a legitimate reason to terminate the lease.

"The existence of ordinary wear and tear is a factual determination made on a case-by-case basis." *Younker v. Inv. Realty, Inc.*, 461 S.W.3d 1, 9 (Mo. App. 2015). Likewise, "[m]ateriality is ordinarily a question of fact." *Curt Ogden Equip. Co. v. Murphy Leasing Co.*, 895 S.W.2d 604, 609 (Mo. App. 1995). "If the breach, however, is *de minimis*, the trial court may determine that the breach does not destroy the purpose or the value of the contract and is not material as a matter of law." *Id.* Here, the parties submitted competing evidence disputing the extent of the damages to the property. At this stage of the proceedings, the Court cannot say that, as a matter of law, the damages are so minimal that no material breach occurred. Therefore, there are genuine disputes of material fact to be resolved at trial, and the Court will deny summary judgment as to Counts II and III.

## Conclusion

Accordingly, Defendant's motion for summary (doc. 50) is **GRANTED in part** and **DENIED in part**. In particular, Count I is **DISMISSED**, and the case will proceed to trial on Plaintiff's Counts II and III and Defendant's counterclaim.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
DATED: October 9, 2018      UNITED STATES DISTRICT COURT