IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SHOW ME SUNSHINE PROPERTIES, LLC, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 6:17-03131-CV-RK |
| v. | ) ) |
| BLUELINE RENTAL, LLC, | ) ) |
| Defendant. | ) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER ON
MOTIONS TO SUBSTITUTE PARTIES AND SUPPLEMENT THE RECORD**

This diversity-jurisdiction case comes before the Court on the action of Plaintiff Show Me Sunshine Properties, LLC ("Show Me Sunshine") for breach of a commercial lease and unlawful detainer. (Doc. 25.) Prior to trial, the Court granted partial summary judgment and dismissed Count I of the Amended Complaint, which alleged that Defendant BlueLine Rental, LLC ("BlueLine") breached the lease's "no-assignments" clause. (Doc. 80.) The Court then held a bench trial on the remaining counts (II and III), which seek damages and an eviction for altering the property without consent and failing to keep the premises in good repair. After trial, the parties submitted proposed findings of fact and conclusions of law (Doc. 97; Doc. 103), and Defendant filed corrected motions to supplement the record and to substitute parties (Doc. 101; Doc. 102), which Plaintiff opposes (Doc. 104; Doc. 105).[1]

For the reasons below, BlueLine's motion to substitute parties is **DENIED**; BlueLine's motion to supplement the hearing record is **GRANTED**; on Count II, the Court finds for BlueLine in part and Plaintiff in part and assesses Plaintiff's damages at $0; and on Count III, the Court finds for BlueLine.

**Subject-Matter Jurisdiction**

The Court has diversity jurisdiction under 28 U.S.C. § 1332. When this action was filed, Show Me Sunshine was a limited liability company with two members, Geoffrey and Brenda Shaver. The Shavers were domiciled in either Florida or Missouri. (Doc. 94,

---

[1] BlueLine's original motions to supplement the record and to substitute parties appear to be have been incorrectly filed and will be denied as moot. (Doc. 98; Doc. 99.)

Trial Tr. at 21, 124-26.)  BlueLine was a limited liability company with one member, Vander Intermediate Holding III Corporation.  Vander Intermediate Holding III Corporation was a Delaware corporation with its principal place of business in Texas.  (Doc. 85 at 1-2; Doc. 85-1; Doc. 85-2.)  Accordingly, the parties are diverse.  *See OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (LLCs have the citizenship of their members); *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) (diversity is assessed at the time the action is commenced); *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997) (complete diversity rule).  The disputed portion of the lease (five years of monthly rent at $7500) also surpasses the $75,000 amount-in-controversy threshold.  Therefore, the Court has diversity jurisdiction.

### Corrected Motion to Substitute Parties

BlueLine requests to substitute United Rentals (North America), Inc. ("United Rentals") in its place as the defendant because BlueLine merged into United Rentals after trial and then terminated. (Doc. 102.)  Plaintiff opposes the motion. (Doc. 104.)  Rule 25 of the Federal Rules of Civil Procedure provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."  A merger constitutes a transfer of interests under this rule.  *Luxliner P.L. Exp., Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993).  The Court has discretion over a motion to substitute parties.  *Froning's, Inc. v. Johnston Feed Serv., Inc.*, 568 F.2d 108, 110 n.4 (8th Cir. 1978).

The Court sees little, if any, benefit to replacing BlueLine with United Rentals.  The primary purpose of substitution is to "facilitate the conduct of the litigation." 7C Fed. Prac. & Proc. Civ. § 1958 (3d ed. 2019).  This is not a case in which substitution would avoid difficulties in obtaining discovery from a non-party.  Discovery has closed; a trial has been held; and the case will be resolved after the Court enters judgment.  Furthermore, dismissing BlueLine could raise unforeseen issues because, depending on state law, it might be subject to an enforcement action despite its termination, while United Rentals will have the benefit of the Court's judgment either way.  *Id.*  Seeing no practical benefit to substitution, the Court will deny the corrected motion to substitute.[2]

---

[2] It seems BlueLine is attempting to use substitution as a means to bootstrap the Court's prior order on Count I into a ruling that the post-trial "merger into United Rentals is not an assignment or transfer of

**Corrected Motion to Supplement the Hearing Record**

BlueLine seeks to supplement the hearing record with evidence that (1) BlueLine merged into United Rentals; (2) United Rentals entered into a post-hearing contract for repairs of the subject property with a company owned by Geoffrey Shaver (Resort Installation Systems); and (3) evidence that Plaintiff filed another lawsuit against United Rentals for nonpayment of a single month's rent and then voluntarily dismissed the case. (Doc. 101; Doc. 101-1; Doc. 101-2.) The first and third categories of documents are official public records that may be judicially noticed. *See Couzens v. Donohue*, 854 F.3d 508, 513 n.6 (8th Cir. 2017) (secretary of state records); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (state court records). Regarding the second category, Plaintiff opposes admitting the contract documents on relevance grounds and due to a lack of "contextual foundation as to what caused certain documents to be created, actions to be taken and what led to the existence/occurrence of those documents/actions." (Doc. 105 at 1.)

Despite Plaintiff's use of the phrase "contextual foundation," it does not argue that the contract is hearsay or that it lacks authenticity. *See Mueller v. Abdnor*, 972 F.2d 931, 937 (8th Cir. 1992) (a contract is not hearsay when it is used to show its existence); *Williams v. Evangelical Ret. Homes of Greater St. Louis*, 594 F.2d 701, 704 (8th Cir. 1979) (authenticity may be waived). The Court believes the post-hearing contract is relevant to determining the extent of Plaintiff's damages. Furthermore, the subject of the two-day bench trial was the severity of the alterations and damages to the property, if any. At the end of the trial, the Court forecasted its ruling and found real damage to the property in four areas. Additional context about what led the parties to reach an agreement to fix the damages discussed at trial is unnecessary for the Court to determine the pending claims. Accordingly, the corrected motion to substitute the hearing record will be granted.

**Findings of Fact**

On May 16, 2012, Geoffrey and Brenda Shaver leased the property at 48 Industrial Park Drive, Hollister, MO 65672 (the "Property") to Volvo Construction Equipment Rents, Inc. for the purpose of operating a construction equipment rental business. At some point after the lease was executed, Show Me Sunshine replaced the Shavers as the lessor, and Volvo Construction

---

the Lease Agreement requiring lessor's consent." (Doc. 103 at 2.) An order of substitution would not have this effect. The Court ruled with respect to Count I that, after Plaintiff had an opportunity for discovery, it failed to bring forth any evidence of an assignment in connection with BlueLine's conversion and name change. (Doc. 80 at 3-5.) In contrast, the post-trial merger is not the subject of any claim before the Court.

Equipment Rents, Inc. converted from a corporation to an LLC and changed its name to BlueLine Rental, LLC.

The lease provides for a five-year term. It also grants the lessee two options to renew for additional five-year terms, "[p]rovided that Lessee is not in default." Any violation of the terms of the lease is considered an event of default. Paragraph 6 of the lease requires the lessee to obtain the lessor's written consent to improve or alter the building; paragraph 9.1 requires the lessee to "[k]eep the Premises reasonably clean and free from all rubbish, ashes, dirt and other matter;" and paragraph 9.2 requires the lessee to "maintain the Premises in good repair, and in at least as good condition as that in which they were delivered, allowing for ordinary wear and tear," except for structural components and utilities, which are the lessor's responsibility.

Near the end of the first five-year term, BlueLine informed Plaintiff that it intended to renew the lease. Plaintiff rejected the renewal on various grounds of default, including failure to keep the premises in good repair and alterations without consent. Plaintiff then filed this lawsuit in state court, and BlueLine removed the case to this Court.

After partially granting summary judgment and dismissing Count I of the Amended Complaint, the Court held a two-day bench trial on Counts II and III (breach of contract and unlawful detainer, respectively). At trial, Plaintiff presented evidence about BlueLine's maintenance of the Property, including photographs of the Property and testimony from Mr. Shaver. BlueLine presented evidence concerning its use of the Property; the repairs it made during occupancy; the condition of the Property at the time the lease was executed; Plaintiff's repair obligations as the lessor; and what constitutes ordinary wear and tear of a property used for renting construction equipment. At the close of trial, the Court found that there were real damages to the parking lot, the sidewalk, the stucco of an exterior wall of the building, and a retaining wall. (Doc. 95, Trial Tr. at 315-17.) The post-hearing contract for repairs appears to account for each of these four areas, among others. (Doc. 101-2.) The contract specifies a cost of $248,885, to be paid by BlueLine's successor (United Rentals) to Geoffrey Shaver's Company (Resort Installation Systems). (*Id.*)

## Conclusions of Law

### I. Breach of the Lease (Count II)

The parties do not dispute that Missouri law governs. Under Missouri law, "[t]o establish a prima facie case of breach of lease, a plaintiff must establish the existence of a valid lease, mutual

obligations arising under the lease, that defendant did not perform, and that plaintiff was thereby damaged by the breach." *G & J Holdings, LLC v. SM Props., LP*, 391 S.W.3d 895, 901 (Mo. App. 2013) (quotation marks and citation omitted). Plaintiff claims BlueLine breached the lease by damaging the Property beyond ordinary wear and tear. Upon consideration of the evidence, the Court agrees that BlueLine damaged the four areas referenced above beyond ordinary wear and tear in breach of the lease.

The remaining question is what remedy, if any, Plaintiff may obtain as a result of the breach. Plaintiff argues that it should be allowed to install a new tenant. To cancel a contract, however, the breach must be material, or the breaching party's performance must have been a condition of the aggrieved party's performance. *See Curt Ogden Equip. Co. v. Murphy Leasing Co.*, 895 S.W.2d 604, 609 (Mo. App. 1995). Otherwise, an aggrieved party can sue only for partial breach and obtain damages. *Id.*

### A. Material Breach

In determining whether a breach is material, the Court considers (1) "the degree of hardship on the breaching party;" (2) "the extent to which the aggrieved party has received the substantial benefit of the promised performance;" and (3) "the adequacy with which [the aggrieved party] may be compensated for partial breach by damages." *Id.* "If the breach, however, is *de minimis*, the trial court may determine that the breach does not destroy the purpose or the value of the contract and is not material as a matter of law." *Id.*

Here, BlueLine's breach was not material. Despite the damages to the Property in the four areas referenced above, BlueLine has substantially performed its end of the bargain, and Plaintiff has received the substantial benefit of the promised performance. Specifically, BlueLine has faithfully paid rent throughout the tenancy, and the damages to the Property are not so substantial that they destroyed the purpose or value of the parties' negotiated contract. There also seems to be no reason why Plaintiff could not be adequately compensated by money damages for partial breach, given that Plaintiff is not currently in possession of the property, and Mr. Shaver admitted in his deposition that he has not yet suffered any economic losses. As a result, the Court concludes that the breach is not material.

### B. Condition Precedent

Plaintiff argues that the absence of a breach was a "condition precedent" to renewal because the lease stated that there were options to renew "[p]rovided that Lessee is not in default." Plaintiff

5

cites *Hudson v. Price*, 273 S.W.2d 518 (Mo. App. 1954), and *Stout v. North*, 242 S.W. 119 (Mo. App. 1922). However, neither of these cases addressed whether a non-material breach at the end of a lease term prevents an automatic renewal. *Hudson* addressed an unrelated issue and held that an assignee who renewed a lease was bound by all of its terms, including a forfeiture provision for failure to pay taxes, not just covenants that ran with the land. 273 S.W.2d at 522. *Stout* held that a tenant failed to satisfy a condition of renewal because he failed to grant a note for the next year's rent prior to the renewal date. 242 S.W. at 122.

Here, in contrast to *Hudson* and *Stout*, the renewal provision was automatic. BlueLine was not expressly required to take any affirmative action to invoke its option to renew the lease. Furthermore, it is unlikely—or at least far from clear—that the contracting parties intended to require strict compliance with every non-material term in the contract in order to renew the lease. *See Morgan v. City of Rolla*, 947 S.W.2d 837, 840 (Mo. App. 1997) ("Conditions precedent are disfavored and contract provisions are construed as such only if unambiguous language so requires or they arise by necessary implication."); 13 Williston on Contracts § 38:13 (4th ed. 2019) (stating that "[i]f it is doubtful whether words create a promise or an express condition, they are interpreted as creating a promise, from which a constructive condition may be implied that the promise will be *substantially* performed before the return performance is due") (emphasis added) (footnotes omitted). Accordingly, BlueLine's damage to the property was not a failure of a condition that prevented renewal.

    **C.**    **Damages for Partial Breach**

"In awarding damages, the objective is to make the injured party whole by placing it in the position it would have been in if the contract had been performed." *U.S. Neurosurgical, Inc. v. Midwest Div.-RMC, LLC*, 303 S.W.3d 660, 667 (Mo. App. 2010). In assessing damages, the Court may consider a settlement that compensates the plaintiff's claim because "a party may not receive the windfall of a double recovery." *See Moore Auto. Grp., Inc. v. Lewis*, 362 S.W.3d 462, 468 (Mo. App. 2012) (quotation marks and citation omitted).

Here, Plaintiff introduced evidence at trial that it would cost approximately $62,500 to repair the parking lot, sidewalk, and curbing on the Property. However, the post-trial contract between BlueLine's successor (United Rentals) and Geoffrey Shaver's company (Resort Installation Systems) accounts for these repairs and the other areas of repair the Court

deemed significant at trial (i.e., the building's stucco wall and a retaining wall). The contract requires United Rentals to pay Resort Installation Systems $248,885 to repair these and other areas on the Property. Accordingly, the Court assesses Plaintiff's damages on this claim at $0. *See Evans v. Werle*, 31 S.W.3d 489, 493 (Mo. App. 2000) (nominal damages for breach of contract).

II. **Unlawful Detainer (Count III)**

"An action for unlawful detainer is a limited statutory action where the sole issue to be decided is the immediate right of possession to a parcel of real property." *Williams v. HSBC Bank USA, N.A.*, 467 S.W.3d 836, 841 (Mo. App. 2015) (quotation marks and citation omitted). "There can be no unlawful detainer action until the lease has been terminated." *Gordon v. Williams*, 986 S.W.2d 470, 473 (Mo. App. 1998). BlueLine remains in lawful possession of the Property under the renewed lease for the reasons discussed above. Accordingly, the Court will find for BlueLine on Count III of the Amended Complaint.

### Conclusion

The Court **ORDERS** as follows:

1. Defendant BlueLine Rental, LLC's original motions to substitute parties and to supplement the hearing record are **DENIED as moot**. (Doc. 98; Doc. 99.)
2. Defendant BlueLine Rental, LLC's corrected motion to substitute parties is **DENIED**. (Doc. 102.)
3. Defendant BlueLine Rental, LLC's corrected motion to supplement the hearing record is **GRANTED**. (Doc. 101.)
4. On Count II of the Amended Complaint for breach of contract, the Court finds for Defendant BlueLine Rental, LLC in part and Plaintiff in part. Specifically, the Court finds a non-material breach of contract and assesses Plaintiff's damages at $0.
5. On Count III of the Amended Complaint for unlawful detainer, the Court finds for Defendant BlueLine Rental, LLC.

6. All remaining objections to deposition designations are **OVERRULED** as moot.[3]

**IT IS SO ORDERED.**

                                                    s/ Roseann A. Ketchmark
                                                    ROSEANN A. KETCHMARK, JUDGE
                                                    UNITED STATES DISTRICT COURT

DATED: September 11, 2019

---

[3] The Court overruled the objections the parties raised during trial to the deposition testimony of James Meyer, II. (Doc. 66; Doc. 68; Doc. 94, Trial Tr. at 192-93, 205.) Plaintiff, however, did not reassert all of the objections he had raised prior to trial regarding this testimony, specifically those that argued certain cross designations were outside the scope of cross-examination. (Doc. 72.) Accordingly, the Court deems those objections to be abandoned. At the end of trial, the Court requested that counsel submit any remaining deposition testimony to chambers. The parties then submitted amended deposition designations and excerpts for the Court's review, which withdrew all remaining testimony to which the other side had an objection. Therefore, all remaining objections to deposition designations will be overruled as moot.